UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

ADOLF GUTT,

                              Petitioner,

        - against -                             16-CV-00703 (CM)

THOMAS GRIFFIN,

                              Defendants.

------------------------------------------------x

## OPINION

McMahon, C.J.:

Petitioner Adolf Gutt, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York County Court for first-degree and second-degree assault, and his resulting 16-year-to-life sentence. ECF No. 1. Before this court is Magistrate Judge Kevin Nathaniel Fox's Report and Recommendation ("R & R"), dated July 6, 2017, recommending Petitioner's habeas petition be dismissed in its entirety. ECF No. 33. Petitioner requested a 45-day extension to respond to the R & R on July 24, 2017, which was granted by Judge Jesse M. Furman on July 25, 2017. ECF No. 35, 36. Petitioner then timely filed an objection to the R & R on September 11, 2017. ECF No. 36. The case was reassigned to The Hon. Thomas P. Griesa on November 2, 2017 and to the undersigned on December 12, 2017.

For the reasons stated below, the court adopts Judge Fox's R & R in full and denies Petitioner's habeas petition in its entirety.

1

## BACKGROUND

The court assumes familiarity with the factual background and procedural history leading to Petitioner's conviction, as recounted thoroughly in the R & R. *See* ECF No. 33, at 3-7.

Petitioner's original habeas corpus petition set forth eleven grounds for relief: (1) the evidence was insufficient to support his convictions, ECF No. 1, at 8-10; (2) trial counsel provided ineffective assistance by failing to assert a speedy-trial violation, ECF No. 1, at 10-11; (3) trial counsel provided ineffective assistance by failing to cross-examine the prosecution's eyewitness, ECF No. 1, at 12; (4) trial counsel provided ineffective assistance because he failed to consider Petitioner's prior conviction during plea negotiations, ECF No. 1, at 14; (5) the prosecutor failed to comply with *Brady* and *Rosario* disclosure requirements, depriving Petitioner of due process, ECCF No. 1, at 16; (6) prosecutorial misconduct, ECF No. 1, at 17; (7) trial counsel provided ineffective assistance by failing to investigate or secure a hearing on the initial police interaction, ECF No. 1, at 18; (8) the trial court erred in admitting third-party testimony, ECF No. 1, at 19; (9) trial counsel provided ineffective assistance because he did not object to certain testimony during trial, ECF No. 1, at 20-21; (10) unlawful sentence enhancement, ECF No. 1, at 22; and (11) failure to appoint an attorney to represent Petitioner in his first post-conviction ineffective assistance of counsel claim, ECF No. 1, at 23.

Respondent Thomas Griffin opposed the petition on July 28, 2016. ECF No. 20. In his opposition, Respondent stated that the legal sufficiency claim, failure of discovery claim, prosecutorial misconduct claim, and third-party testimony claim were barred by adequate and independent state grounds and were in any event without merit. The opposition also stated that Petitioner's unlawful sentence enhancement claim and the claim for failure to appoint counsel was

2

unexhausted and without merit. Further, Respondent argued that Petitioner's ineffective assistance of trial counsel claims were meritless. In response, Petitioner contended that he would waive the first five claims in Respondent's opposition—the claims barred by adequate and independent state grounds as well as the unlawful sentence enhancement claims—corresponding to grounds one, five, six, eight, and ten in Petitioner's original petition.

On July 6, 2017, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("R & R") recommending that Petitioner's habeas petition be dismissed in its entirety. ECF No. 33. On September 11, 2017, Petitioner filed a response objecting to the R & R on three grounds.

First, petitioner contends that the R & R erred in attaching a presumption of correctness to the state court determination with respect to his ineffective assistance of counsel claims. ECF No. 36, at 1-3.

Second, Petitioner states that the R & R misapplied precedent when analyzing his claim for failure to assert a speedy trial violation. ECF No. 36, at 3.

Third, Petitioner contends that the R & R erroneously considered the conclusions of the state court as to his sentence enhancement. ECF No. 36, at 6-7.

## LEGAL STANDARD

District judges reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (2012). After a report and recommendation is issued, parties have fourteen days to raise "specific" objections to it. Fed. R. Civ. P. 72(b)(2).

If a party does not make an objection, the court will review the report and recommendation for clear error. *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL

4810043, at *1 (S.D.N.Y. Nov. 3, 2008). This is also true if the objections are merely "conclusory or general comments" or "simply reiterate[] the original arguments." *Hancock v. Rivera*, No. 09-CV-7233 (CS) (GAY), 2012 WL 3089292, at *1 (S.D.N.Y. July 30, 2012) (quoting *IndyMac Bank*, 2008 WL 4810043, at *1); *see also Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 WL 2911816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 Fed. App'x 210 (2d Cir. 2010). Objections must be "specific and clearly aimed at particular findings . . . such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney*, 2008 WL 2811816, at *1; *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [petition] will not suffice to invoke *de novo* review.").

If, however, a party does timely make an objection, the court will conduct a *de novo* review of the portions of the report and recommendation that the party objects to. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *Gench v. Hostgator.com, LLC*, No. 14-CV-3592 (RA), 2015 WL 4579147, at *1 (S.D.N.Y. July 29, 2015), *appeal dismissed*, No. 15-2160 (2d Cir. Oct. 28, 2015) ("A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made." (quoting *Hancock*, 2012 WL 3089292, at *1)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When a party is appearing *pro se*, objections are "generally accorded leniency" and are construed "to raise the strongest arguments they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008). Even a *pro se* party's objections must be,

4

however, "specific and clearly aimed at particular findings in the magistrate's proposal" for the court to conduct a *de novo* review of a report and recommendation. *Pinkney*, 2008 WL 2811816, at *1.

## DISCUSSION

### I. Clear Error Review

With respect to the portions of the R & R that Petitioner did not specifically object to in his September 11, 2017 response—namely, the claims that he waived along with his claim for failure to appoint counsel, ECF No.1, at 8-10, 16-17, 19, 22-23; ECF No. 33, at 19—the court reviews the R & R for clear error. The court finds no clear error in the record, and adopts Judge Fox's R & R dismissing grounds one, five, six, eight, ten, and eleven in the original petition.

### II. *De Novo* Review

Petitioner entered three objections, directed to five specific claims in his habeas petition – claims two, three, four, seven and nine. After de novo review, the court denies these claims – all of which are ineffective assistance of counsel claims – and adopts the learned Magistrate Judge's report in all respects.

#### A. Legal Standard for Ineffective Assistance Claims

A petition for habeas corpus with respect to persons in state custody is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d). The AEDPA "place[d] a new constraint" on the power of federal courts to grant a state prisoner's petition, providing that writs of habeas corpus arising from a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court

of the United States." 28 U.S.C. § 2254 (d)(1) (emphasis added); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Thus, in order to prevail on a § 2254 claim, a habeas petitioner has the burden of proving that the state court's decision on the merits was either "contrary to" or "involved an unreasonable application of" federal law. Under the "contrary to" prong, a habeas petitioner must show that the state court "arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or that the state court "decide[d] a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Under the "unreasonable application" prong, the petitioner has the burden of showing that the state court used the correct legal standard but "unreasonably applied" that standard to the specific facts of the case. *Id.* To show that a state court unreasonably applied the legal standard, the petitioner must show that the court applied federal law in an "objectively unreasonable manner"—*i.e.*, that it was an *unreasonable* rather than merely an *incorrect* application. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002); *see also Williams*, 529 U.S. at 410 ("[T]he most important point is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

The determination that the state court decision was unreasonable rather than merely incorrect is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 463, 473 (2007). Even in cases where a court may have reached a conclusion contrary to the state court, a federal court must deny habeas petitions as long as the contrary conclusion was not unreasonable. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Further, the AEDPA requires that federal courts "presume the correctness of state courts' factual findings" unless the petitioner rebuts this presumption through clear and convincing evidence. 28 U.S.C. § 2254(e).

6

A claim for ineffective assistance of counsel is analyzed under the standards set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that when analyzing claims for ineffective assistance of counsel, courts must look to whether the defendant demonstrated that (1) representation "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 688, 694.

Under the first prong, the defendant has the burden of showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (quoting *Strickland*, 466 U.S. at 687). The defendant must demonstrate that his or her counsel "failed to act 'reasonabl[y] considering all the circumstances." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 688). There is a " 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 687). Overall, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

Under the second prong, the defendant is required to prove that there is a "reasonable probability"—"a probability sufficient to undermine confidence in the outcome"—that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The defendant must show that the likelihood of a different result is "substantial, not just conceivable." *Harrington*, 562 U.S. at 112; *see also Cullen*, 563 U.S. at 189. The defendant must "*affirmatively* prove prejudice." *Strickland*, 466 U.S. at 693 (emphasis added).

Because both the AEDPA and *Strickland* establish highly deferential standards, review of ineffective assistance of counsel claims under the AEDPA is "doubly deferential." *Cullen*, 563

U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Harrington*, 562 U.S. at 105 ("The standards created by *Strickland* and § 2254 are both highly deferential, and when the two apply in tandem, review is doubly so." (internal quotations and citations omitted)).

Where a habeas petitioner seeks review of a claim for ineffective assistance of counsel, the petitioner must show, pursuant to the AEDPA, that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002); *see also Harrington*, 562 U.S. at 101. This is a separate question from whether, under the federal court's independent judgment, counsel's performance fell below the standard laid out in *Strickland*. *See Harrington*, 562 U.S. at 101. In the habeas context, the petitioner must "do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance"—the petitioner must instead show that the state court applied *Strickland* unreasonably. *Bell*, 535 U.S. at 698. As long as there is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard," the petitioner will not be granted relief. *Harrington*, 562 U.S. at 105.

This deference, however, only applies to cases in which the state court made a "decision on the merits" of the claim. See 28 U.S.C. § 2254(d). The AEDPA only applies to those cases where the "claim . . . was adjudicated on the merits in State court proceedings," and thus it does not apply to those claims which were not decided on the merits or were dismissed based on a procedural bar. *Id.* However, "[a]bsent a clear and express statement of reliance on a state procedural bar," federal courts will treat a claim as "rest[ing] on the merits of the federal claim." *See Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006). If the state court does not clearly rely on a procedural ground in dismissing a claim, such claims are "not procedurally barred and must be afforded AEDPA deference as adjudications 'on the merits' under 28 U.S.C. § 2254(d)." *Id.*

8

## B. Petitioner's Claims

Here, Petitioner contends that his counsel provided ineffective assistance because he (1) failed to assert that a speedy-trial violation occurred, ECF No. 1, at 10-11; (2) failed to cross-examine the prosecution's eyewitness, ECF No. 1, at 12; (3) failed to consider that Petitioner's prior conviction was not grounds for a sentence enhancement, ECF No. 1, at 14; (4) failed to litigate Petitioner's fourth amendment rights because he did not investigate or secure a hearing on the police's initial interaction with Petitioner, and (5) failed to object to key occurrences, including testimony, jury instructions, and the prosecutor's statements, during trial, ECF No. 1, at 20-21. As Judge Fox found, after a thorough review of the record, the state court made determinations on all five claims, and in every case, the state court's determination was not contrary to, or an unreasonable application of, *Strickland* as required by the AEDPA. *See* ECF No. 33, at 19-24. This court agrees.

### 1. Failure to Assert Speedy-Trial Violation

Petitioner first contends that he had ineffective assistance of counsel because his counsel failed to raise a claim for deprivation of a speedy trial when Petitioner's trial was delayed. ECF No. 1, at 10-11. The R & R found that, under the doubly deferential standards of both *Strickland* and the AEDPA, Petitioner's claim should be denied, ECF No. 33, at 21, and the court affirms.

The New York Supreme Court denied Petitioner's second motion under New York Criminal Procedure Law § 440, in which Petitioner raised this claim. ECF No. 20, Ex. 7, at 5. The state Supreme Court denied the claim based on the prosecution's Affidavit in Opposition to Petitioner's motion to vacate, which opposed the motion based on both procedural and substantive grounds. ECF No. 20, Ex. 6, at 119-20. The prosecution argued that defendant "never raised this issue" and did not object in a timely matter, and thus the claim was procedurally barred. ECF No.

20, Ex. 6, at 119. Alternatively, the prosecution argued that the claim lacked substantive merit because counsel's decision not to raise the speedy-trial violation was reasonable. ECF No. 20, Ex. 6, at 119-20. The trial's delay in New York court was related to the Petitioner's arrest and arraignment in Massachusetts. ECF No. 20, Ex. 6, at 119-20.

Judge Fox also found that "[b]ased on the record before the state court, counsel's strategic decision not to raise a speedy-trial violation was sound and did not fall below an objective standard of reasonableness." ECF No. 33, at 21. The R & R stated, after reviewing the record below, that "Gutt failed to establish that the state court's determination of his ineffective assistance of counsel claim based on counsel's failure to assert that a speedy-trial violation had occurred was contrary to or involved an unreasonable application of *Strickland*." ECF No. 33, at 21.

As an initial matter, the court agrees with the R & R that the state court made a merits determination on this claim. Because the prosecution argued that the § 440 motion should be dismissed on both procedural and substantive grounds, and the New York Supreme Court did not state specifically that it was denying the § 440 motion based on procedural grounds, the court finds that the state court made a determination on the merits. *See Jimenez*, 458 F.3d at 138. Thus, the court finds that AEDPA deference applies.

Further, based on a review of the record and the R & R, the court finds that counsel's decision not to raise a speedy-trial violation did not fall below an objective standard of reasonableness, and thus the state court determination to this end was not "contrary to, or an unreasonable application of," the *Strickland* standard when analyzed under the AEDPA. Thus, after a *de novo* review, the court adopts the R & R and denies habeas relief as to this claim.

### 2. Failure to Cross Examine Eyewitness

Next, Petitioner contends that he had ineffective assistance because his counsel failed to cross-examine the prosecution's sole eyewitness about the inconsistency of his prior statement to the police. ECF No. 1, at 12. Judge Fox's R & R found that Petitioner's claim should be denied, ECF No. 33, at 22, and the court, again, agrees.

Similar to the speedy-trial claim above, Petitioner asserted this claim in his second § 440 motion to vacate his sentence. ECF No. 20, Ex. 6, at 120-21. Again, as above, the court finds that, because the New York Supreme Court did not specify that it was denying the § 440 motion on procedural grounds, that it made a merits determination supporting the prosecutions Affidavit in Opposition. *See* ECF No. 20, Ex. 7, at 5. The Affidavit stated that "the applicable standard is whether the defendant received 'meaningful representation,' " and that in this case, counsel had done so. ECF No. 20, Ex. 6, at 121 (quoting *People v. Henry*, 744 N.E.2d 112, 112 (N.Y. 2000)). The R & R similarly found, based on the record, that "[i]n light of other evidence before the jury and the fact that [the witness's] prior statement was not made under oath, counsel's choice not to cross-examine [the witness] about the inconsistency of his statements cannot be said to have fallen below an objective standard of reasonableness." ECF No. 33, at 21-22.

Based on a *de novo* review of the record and the R & R, the court finds that the New York Supreme Court made a determination on the merits, and thus the AEDPA's deferential standard applies. Further, the court finds, under the AEDPA and *Strickland*'s deferential standards, that the state court's findings were not contrary to, or an unreasonable application of, federal law. Accordingly, the court adopts the R & R as to this claim and denies habeas relief.

### 3. Failure to Ascertain that Prior Sentence was Void for Enhancement Purposes

Petitioner next argues that counsel provided ineffective assistance because he failed to argue, during Petitioner's sentencing hearing, that his 1995 conviction for attempted first-degree use of a firearm should not have been used to enhance his sentence. ECF No. 1, at 14; ECF No. 20, Ex. 1, at 42.

Petitioner raised this claim in his *pro se* supplemental brief before the Appellate Division, ECF No. 20, Ex. 4, at 74-75, and the court denied the claim because it was "unpreserved" or "unreviewable" and in any event "without merit." *People v. Gutt*, 954 N.Y.S.2d 535, 535 (N.Y. App. Div. 1st Dep't 2012). The R & R found that "both the April 2, 1992 conviction for attempted first-degree robbery and the June 15, 1995 conviction for attempted first-degree criminal use of a firearm were violent felonies and served, properly, as predicate-violent-felony convictions to enhance [Petitioner's] sentence." ECF No. 33, at 22.

The court finds that both of these convictions were violent-felony convictions serving as predicates for enhancement, and that both the state court and the R & R were correct in denying habeas relief as to this claim. Based on a *de novo* review, the court adopts the R & R as the record indicates enhancement was proper and because, under AEDPA's deferential standard, the state court reasonably applied federal law.

### 4. Failure to Properly Litigate Fourth Amendment Rights

Petitioner claims that his trial counsel was ineffective because he denied him a "full and fair opportunity to litigate his Fourth Amendment rights." ECF No. 1, at 18. He contends that his attorney was ineffective because he was unsuccessful in seeking the suppression of (1) his identification and (2) a knife recovered from the scene. ECF No. 1, at 18; ECF No. 20, Ex. 1, at 42.

12

This claim, as with the previous claim, was asserted *pro se* on direct appeal to the Appellate Division, and the court found that the claim was "unpreserved" or "unreviewable" and in any event "without merit." *Gutt*, 954 N.Y.S.2d at 535. In his R & R, Judge Fox found that Petitioner "does not allege that he was deprived of an opportunity to litigate his Fourth Amendment rights; rather, he alleges only that his counsel failed to litigate his Fourth Amendment rights *properly* when counsel failed to make a facial challenge to the felony complaint." ECF No. 33, at 23. Judge Fox further found that this was "not sufficient to rebut the strong presumption that counsel's strategic decision not to make a facial challenge to the felony complaint fell within the wide range of professional assistance." ECF No. 33, at 23.

Reviewing the R & R, as well as evidence in the record that counsel did, in fact, raise an objection to the identification and the admission of the knife during the suppression hearing, *see, e.g.*, ECF No. 20, Ex. 10, at 4 ("With respect to the knife, your Honor, I think that's outside of the scope of this hearing."), the court agrees with state court's findings, and the R & R's recommendation, that this claim be dismissed. The determination that counsel's conduct fell within the wide range of acceptable professional assistance, was not contrary to, or an unreasonable application of, the *Strickland* standard. Thus, the court adopts the R & R and denies habeas relief.

### 5. Failure to Object

Finally, Petitioner contends that counsel was ineffective because he failed to object to (1) admission of identification testimony, (2) the prosecution's summation, and (3) jury instructions. ECF No. 1, at 20-21. He also claims that counsel failed to pursue discovery materials or request sanctions for discovery violations. ECF No. 1, at 20-21.

Petitioner raised this claim in his supplemental brief on direct appeal to the Appellate Division, ECF No. 20, Ex. 4, at 79-81, and the Appellate Division dismissed the claim as it did for

the prior two claims. *Gutt*, 954 N.Y.S.2d at 535. In his R & R, Judge Fox found that "counsel's strategic decision not to object to the admission of identification testimony and the prosecutor's comments in summation was not unreasonable" because it was "within the scope of a permissible inference that could be drawn from the evidence." ECF No. 33, at 23-24. Further, Judge Fox found that the "discovery violations are meritless because all '*Brady/Rosario*' materials were disclosed to Gutt's counsel prior to trial, and no basis existed for his counsel to object or seek sanctions for failure of the prosecution to make requisite disclosures." ECF No. 33, at 24. Lastly, Judge Fox found that "counsel had no basis to object to the jury instructions charging the two offenses separately because second-degree assault is not a lesser included offense of attempted first-degree assault." ECF No. 33, at 24.

Reviewing the record and the R & R determinations *de novo*, the court finds that counsel did not provide ineffective assistance because of his failures to object, and that these failures were in the wide range of acceptable representation afforded by the *Strickland* and AEDPA standards. Counsel's failures to object were reasonable because his objections on these grounds would have been baseless, for the same reasons set forth in the R & R. Thus, the court adopts the R & R and denies habeas relief as to this claim.

For the aforementioned reasons, the court adopts Judge Fox's R & R in full. Petitioner's application for a writ of habeas corpus is denied in its entirety based on the grounds set forth in the R & R. Further, because Petitioner has not made a "substantial showing of a denial of a constitutional right," the court does not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that in order for a certificate of appealability to issue, the petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." (internal quotations omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). Any appeal from this Opinion would not be made in good faith. 28 U.S.C. § 1915(a)(3).

## CONCLUSION

Based on the reasons set forth above, the instant petition for habeas corpus is denied in its entirety and the court adopts Judge Fox's July 6, 2017 Report and Recommendation as its opinion.

As Petitioner has made no substantial showing of the denial of a constitutional right, there is no question of substance for appellate review. Therefore, no certificate of appealability shall issue. 28 U.S.C. § 2253; see *United States v. Perez*, 129 F. 3d 255, 259-60 (2d Cir. 1997); *Lozada v. United States*, 107 F. 3d 1011 (2d Cir. 1997); *Rodriguez v. Scully*, 905 F. 2d 24 (2d Cir. 1990). I certify, pursuant to 28 U.S.C. § 1915(a), that an appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of Court is respectfully requested to close this case and to mail a copy of this Opinion to Adolf Gutt at 12A3591 A.1.22, Attica Correctional Facility, P.O. Box 149, Attica, NY 14011-0149.

Dated: December 20, 2017

_____
Colleen McMahon
Chief Judge

**BY ECF TO COUNSEL**